882

## WESTFELDT v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6260.

Circuit Court of Appeals, Fifth Circuit.

March 13, 1933.

Monte M. Lemann and Nicholas Callan, both of New Orleans, La., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Frank M. Thompson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The taxpayer in his returns for the calendar year 1924 showed a capital net loss, but a large ordinary net income. Part of the latter was due to his share in the profits of a partnership which had a fiscal year ending in June, 1924. A part of the partnership profits was therefore attributable to business done in 1923, and by section 207 (b) of the Revenue Act of 1924 (26 USCA § 938 (b) should have tax rates of 1923 applied to it in computing the taxpayer's 1924 taxes. The specific provision here important is, with parentheses added: "In such cases the part of such income (that derived from the partnership) subject to the rates in effect for the most recent calendar year (1924) shall be added to *the other income* of the taxpayer subject to such rates (those of 1924) and the resulting amount shall be placed in the lower brackets of the rate schedule applicable to such year, and the part of such income subject to the rates in effect for the next preceding calendar year (1923) shall be placed in the next higher brackets of the rate schedule applicable to such year." The sole dispute is whether the item of capital net loss is to figure in the "other income" above italicized, so as to reduce the net income for 1924 to which the partnership income attributable to 1923 is to be added, or whether the capital net loss is to be set apart entirely, except to take 12½% of it finally as a credit on the tax. By the critical words "other income," we think Congress meant simply the net income on which income tax at regular rates is being calculated. It would or would not include capital items according to the operation of section 208 relating to them. Originally all gains and losses, although arising from what are now called capital transactions, were treated like other gains and losses. To avoid the hardship of realizing in one year gains really accumulated over a period of years, the device of treating them at the taxpayer's option as capital gains, and making a flat rate tax of 12½% on such net gains, was introduced in the Revenue Act of 1921 (§ 206, 42 Stat. 233). In the Revenue Act of 1924, § 208 (26 USCA § 939 note), net losses in such transactions were similarly treated, in substance at the government's option, for the separate computation is to be rejected if it results in less taxes than the usual method. When, as here, it is found that separate computation of the capital net losses is to the

advantage of the government, and is therefore prescribed, the capital items thus put under the 12½% flat rate go out of the computation of the taxes under the regular rates, and the "other income" to which partnership gains are to be added is unaffected by the capital items. The computation of the Commissioner upheld by the Board of Tax Appeals was correct, and the petition for review is denied.